FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEE G., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 4:20-CV-05245-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 21, 23. Attorney Chad Hatfield represents Lee G. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### I.    JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income on December 14, 2017, alleging disability since October 1, 2015 due to migraines, neck pain, back pain, insomnia, depression, anxiety, PTSD, bilateral neuropathy, joint pain, and left elbow issues. Tr. 74, 227-31, 234-42. The applications were

denied initially and upon reconsideration. Tr. 108-12, 120-26. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on May 14, 2020, Tr. 34-73, and issued an unfavorable decision on June 3, 2020. Tr. 14-31. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on October 21, 2020. Tr. 1-6. Accordingly, the ALJ's June 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 20, 2020. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born on January 22, 1983 and was 34 years old on the date the application was filed. Tr. 26. He has an 11th grade education. Tr. 308.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On June 3, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 14-31.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 14, 2017, the application date. Tr. 19.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: migraines, anxiety, and depression. Tr. 19.

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-21. The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform medium work, but with the following nonexertional limitations:

> [H]e could frequently climb, stoop, kneel, crouch, and crawl. He would need low stress (e.g., no production paced-conveyor belt type work) work with a predictable work setting. He would need work where concentration is not critical (defined as careful exact evaluation and judgement).

Tr. 22.

At *step four*, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 26.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of janitor, hand packager, and automobile detailer. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed, December 14, 2017, through the date of the decision. Tr. 27.

### VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ conducted a

proper step-two analysis; (3) whether the ALJ conducted a proper step-three analysis; (4) whether the ALJ properly evaluated Plaintiff's symptom complaints; and (5) whether the ALJ conducted a proper step-five analysis. ECF No. 21 at 6.

## VII. DISCUSSION

### A. Medical Opinions.

Plaintiff contends the ALJ erred by improperly evaluating the opinions of David Morgan, Ph.D., NK Marks, Ph.D., Troy Bruner, Ed.D., and Jay Toews, Ed.D. ECF No. 21 at 8-14.

For claims filed on or after March 27, 2017, the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5). The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered both factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the new regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

1.   **<u>Dr. Morgan.</u>**

On November 19, 2019, Dr. Morgan conducted a psychological/psychiatric evaluation of Plaintiff for Washington State DSHS and rendered an opinion on Plaintiff's level of functioning. Tr. 375-79. Dr. Morgan diagnosed Plaintiff with PTSD. Tr. 376. Dr. Morgan opined Plaintiff had marked limitation in his ability

to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to adapt to changes in a routine work setting, communicate effectively and perform effectively in a work setting, maintain appropriate behavior in a work setting, and to complete a normal workday and workweek without interruptions from psychologically based symptoms; and moderate limitation in his ability to understand, remember and persist in tasks by following detailed instructions, learn new tasks, perform tasks without special supervision, make simple work related decisions, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, and to set realistic goals and plan independently.  Tr. 377.  Dr. Morgan opined Plaintiff's overall severity rating was moderate, and that with available treatment he would be so impaired for nine months.  *Id.*

      The ALJ found Dr. Morgan's opinion persuasive because it was consistent with his own objective findings "as well as the largely benign mental status exams at 1F [Dr. Bruner] and 9F [Dr. Marks]." Tr. 26.  Plaintiff contends the ALJ mischaracterized Dr. Morgan's opinion, finding he only assessed moderate limitations when Dr. Morgan actually found several marked limitations and diagnosed Plaintiff with PTSD.  ECF No. 21 at 8-9.  Defendant argues that any error was harmless as Dr. Morgan's opinion was not useful for assessing Plaintiff's functioning over the long term.  ECF No. 23 at 14.

      The Court finds that the ALJ's conclusions are not supported by substantial evidence.  First, as Plaintiff points out, the ALJ misstates Dr. Morgan's opinion; the ALJ found that Dr. Morgan "opined [Plaintiff] had moderate limitations in his basic work activities that would persist for nine months with treatment." Tr. 26.  However, Dr. Morgan also found numerous marked limitations in basic work activities.  Tr. 377.  Although Defendant argues the ALJ properly considered Dr. Morgan's opinion because he assigned an overall severity rating of moderate and

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

Dr. Morgan's limitations only lasted nine months, the ALJ did not provide such rationale, thus the Court will not consider Defendant's *post hoc* rationalization. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

Defendant also argues any error was harmless. ECF No. 23 at 14. An error is harmful unless the reviewing court "can confidently conclude that no ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, Dr. Morgan diagnosed Plaintiff with PTSD, noting symptoms of "moderate to marked severity; daily frequency," and he assessed Plaintiff with multiple marked and moderate limitations in basic work activities, including marked limitation in his ability to maintain attendance and complete a normal workday and workweek. Tr. 376-77. Dr. Morgan also noted that "Plaintiff also reports significant medical issues that could contribute to even greater inability to work." Tr. 378. Elsewhere in the record, however, the ALJ concluded that "there was no diagnosis of PTSD on record," even though Dr. Morgan and Dr. Marks (*infra*) did make this diagnosis. Tr. 20, 366, 376. The ALJ also failed to discuss significant portions of Dr. Morgan's opinion, then used his conclusions regarding Dr. Morgan's opinion to bolster his findings regarding other medical opinions, including those of Dr. Marks and Dr. Bruner. *See* Tr. 25-26. The Court finds that an ALJ, when fully crediting the evidence, could have reached a different disability determination. The ALJ harmfully erred by misstating Dr. Morgan's findings/opinion and therefore his conclusions were not based on substantial evidence.

Upon remand the ALJ is instructed to reconsider the persuasiveness of Dr. Morgan's opinion and incorporate the opinion into the RFC or give reasons supported by substantial evidence to reject the opinion.

**2.** ***Dr. Marks.***

In January 2018, Dr. Marks conducted a psychological/psychiatric evaluation of Plaintiff on behalf of Washington State DSHS and rendered an opinion on Plaintiff's level of functioning. Tr. 364-69. Dr. Marks diagnosed Plaintiff with PTSD, generalized anxiety disorder, and unspecified depressive disorder. Tr. 366. Dr. Marks opined Plaintiff had marked limitation in his ability to understand, remember, and persist in tasks by following detailed instructions, adapt to changes in a routine work setting, be aware of normal hazards and take appropriate precautions, communicate effectively and perform effectively in a work setting, and to set realistic goals and plan independently; and moderate limits in his ability to understand, remember, and persist in tasks by following very short and simple instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, learn new tasks, make simple work related decisions, ask simple questions or request assistance, and to complete a normal workday and workweek without interruptions from psychologically based symptoms. She opined the overall severity rating of his mental impairments was marked and that he would be so impaired for 12 months. Tr. 367. She recommended counseling, assistance with housing, and referral to vocational rehabilitation. *Id.*

The ALJ found Dr. Mark's opinion unpersuasive because it was "inconsistent with her own normal objective findings as well as the benign mental status exams at 1F [Dr. Bruner] and 9F [Dr. Morgan]." Plaintiff argues the ALJ erred by failing to offer rationale for his findings and failing to account for abnormal findings by Dr. Marks and the other examining providers. ECF No. 21 at

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

9-11. Defendant argues the ALJ reasonably found the opinion unpersuasive because it lacked support and consistency. ECF No. 23 at 10-11.

The Court finds the ALJ's conclusions are not supported by substantial evidence. First, the ALJ found Dr. Marks's opinion unpersuasive because it was "inconsistent with her own normal objective findings." Tr. 25. The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion becomes. 20 C.F.R. § 416.920c(c)(1). Additionally, a clinical interview and mental status evaluation are objective measures and cannot be discounted as a "self-report." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Here, Dr. Marks performed a clinical interview and mental status exam, and noted abnormal findings including depressed mood, constricted affect, and "slow processing time, seems depressed, low energy." Tr. 368-69. While she noted Plaintiff was cooperative, Dr. Marks also observed he was "anxious" and "had trouble focusing at times due to pain." Tr. 368. Dr. Marks opined that "he is struggling with depression, dealing with his past history of abuse." Tr. 367. Accordingly, the ALJ's finding that Dr. Marks' opinion was inconsistent with her own normal objective findings is not supported by substantial evidence.

Second, the ALJ concluded Dr. Marks' opinion was inconsistent with "the benign mental status exams [of Dr. Morgan and Dr. Bruner]." Again, the more consistent an opinion is with the evidence from other sources, the more persuasive the opinion becomes. 20 C.F.R. § 416.920c(c)(2). As explained *supra*, the ALJ misstated Dr. Morgan's opinion. Additionally, Dr. Bruner (*infra*) and Dr. Marks observed similar abnormalities upon mental status exam; Dr. Bruner observed Plaintiff's depressed mood and dysphoric affect, his tired appearance and "psychomotor slowing," along with slow movement and speech, while Dr. Marks observed his depressed mood, constricted affect, and "slow processing time … low

energy." Tr. 309, 368-69. The ALJ's conclusion that Dr. Mark's opinion is inconsistent with benign mental status exams of Dr. Morgan and Dr. Bruner is not supported by substantial evidence.

Upon remand, the ALJ shall also reconsider Dr. Marks's opinion and incorporate the limitations into the RFC or give reasons supported by substantial evidence to reject the opinion.

### 3. *Dr. Bruner.*

In March 2018, Dr. Bruner conducted a consultative mental health evaluation of Plaintiff and rendered an opinion on Plaintiff's level of functioning. Tr. 307-11. Dr. Bruner diagnosed Plaintiff with unspecified anxiety disorder; major depressive disorder, single episode, moderate without psychotic features; and rule out PTSD. Tr. 310-11. He opined Plaintiff would not have difficulty performing simple/repetitive or detailed/complex tasks; he would not have difficulty accepting instructions from supervisors or interacting with co-workers or the public, and he would not have difficulty performing work activities without special instructions. Tr. 310. He also opined Plaintiff would have difficulty maintaining attendance due to interruptions from a psychiatric condition, and that he would have difficulty managing the usual stress encountered in the workplace noting "he is not managing his current stressors and was unable to articulate proactive problem solving skills or coping skills." Tr. 310-11.

The ALJ found Dr. Bruner's opinion partially persuasive; he found "his opinion regarding the [Plaintiff] having no difficulties persuasive" because it was consistent with Dr. Bruner's own "largely benign mental status findings," along with those of Dr. Marks and Dr. Morgan. Tr. 25. The ALJ found "the last two paragraphs of his opinion to be ambiguous." *Id.* Plaintiff argues the ALJ failed to explain his conclusions and erred by inserting his own lay opinion in place of the examining doctor's clinical findings and professional observations. ECF No. 21 at

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

13-14. Defendant argues the ALJ reasonably found Dr. Bruner's opinion only partially persuasive because Dr. Bruner did not set forth or explain any concrete limitations and that any error was harmless as the RFC accounted for Dr. Bruner's opinion. ECF No. 23 at 12-13.

The Court finds the ALJ's findings are not supported by substantial evidence. First, the ALJ found Dr. Bruner's opinion that Plaintiff "had no difficulties is persuasive" because it was consistent with the largely benign mental status exams by [Dr. Bruner], [Dr. Marks], and [Dr. Morgan]." Tr. 25. The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion. 20 C.F.R. § 416.920c(c)(2). As explained *supra*, the ALJ misstated Dr. Morgan's opinion, and failed to discuss abnormalities upon mental status exams performed by Dr. Morgan and Dr. Marks. Here, the ALJ similarly failed to acknowledge abnormalities in Dr. Bruner's objective findings, including depressed mood and dysphoric affect, Plaintiff's tired appearance and "psychomotor slowing," along with slow movement and speech. Tr. 309. As Plaintiff points out, the ALJ supported his findings for each medical opinion above by noting it was consistent with the "benign mental status exams" of the other providers. ECF No. 21 at 11; *see* Tr. 25-26. Review of the medical opinions shows more mixed findings, and the ALJ's conclusion that Dr. Bruner's opinion was consistent with his and other provider's benign mental status exams is not supported by substantial evidence.

Next, the ALJ found "the last two paragraphs of [Dr. Bruner's] opinion to be ambiguous." Tr. 25. This is insufficient. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal citations omitted); *see also Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not

justify an ALJ's rejection of a medical opinion."). Further, the more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion. 20 C.F.R. § 416.920c(c)(1). Here, Dr. Bruner explained his observations from a clinical interview and mental status exam, then specifically referenced findings including psychomotor retardation and dysphoric affect to explain his opinion that Plaintiff would have difficulty maintaining attendance and managing the usual stress of a workplace. Tr. 310. Without the ALJ offering more than his stated conclusion that this portion of the medical opinion was ambiguous, the Court is unable to meaningfully review whether the ALJ's interpretation of the medical evidence, rather than Dr. Bruner's opinion, is rational.

On remand, the ALJ shall also reconsider Dr. Bruner's opinion and incorporate the limitations into the RFC or give reasons supported by substantial evidence to reject the opinion.

4. **Dr. Toews.**

At the hearing, Dr. Toews testified that based on review of the record, Plaintiff did not meet or equal any mental health listings. Tr. 61. He opined mental health impairments caused Plaintiff no limits in his ability to understand, remember or apply information; no limit in his ability to interact with others; mild to marked limits in his ability to concentrate, persist, or maintain pace; and moderate limits in his ability to adapt and manage himself. Tr. 63. He also opined that marked limitations in his ability to concentrate, persist, or maintain pace would arise if Plaintiff had to perform consistently in a work setting. *Id.* Dr. Toews further opined that "independent of pain, I don't think there is any real significant problem with anxiety or depression" and that adaption issues are also related to Plaintiff's pain. Tr. 63. He opined he agreed with the assessment of Dr. Bruner (*supra*) and that "working would be very challenging … [his] pain level

would determine whether or not he's capable of working or not, at least from a psychological point of view." Tr. 63-64.

The ALJ found Dr. Toews's opinion unpersuasive because it was internally inconsistent and because marked limitations were inconsistent with the longitudinal record. Plaintiff contends the findings cited by the ALJ actually support Dr. Toews's opinion and that Dr. Toews was the only provider to consider the combined effects of Plaintiff's physical and psychological complaints. ECF No. 21 at 12-13. Defendant argues the ALJ reasonably found Dr. Toews opinion unpersuasive relying on the evidence from mental status exams and the longitudinal record. ECF No. 23 at 13.

As the claim is being remanded for reconsideration of the opinions of Dr. Morgan, Dr. Marks, and Dr. Bruner, the ALJ shall also reconsider Dr. Toews's opinion, taking into consideration the factors as required by the regulations and considering the record as a whole.

  5. ***Prior Administrative Findings.***

In March 2018 and July 2018, the state agency physical and mental consultants reviewed the available records and assessed Plaintiff's level of functioning. Tr. 83-87, 99-102. The ALJ did not discuss the prior administrative findings. *See* Tr. 24-26. An ALJ is required to articulate how they considered the consistency and supportability factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). Given the matter is being remanded for the ALJ to reevaluate other medical opinions, the ALJ is also directed to consider the prior administrative findings.

Upon remand the ALJ is instructed to reassess all medical opinion evidence and incorporate the limitations into the RFC or give reasons supported by substantial evidence to reject the opinions.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14

### B. Step Two.

Plaintiff contends the ALJ erred at step two by failing to find that PTSD was a severe impairment. ECF No. 21 at 14. At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

As this claim is being remanded for reevaluation of the medical opinion evidence, the ALJ shall also reconsider Plaintiff's impairments at step two.

### C. Step Three.

Plaintiff argues the ALJ erred in making inadequate step three findings. ECF No. 21 at 15-18. At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the

Listing. *Tackett*, 180 F.3d at 1099. If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Here, the ALJ found Plaintiff's impairments or combination of impairments did not meet or equal any listing. Tr. 20-22. As this case is being remanded for the ALJ to reconsider the medical opinion evidence, the ALJ is instructed to reconsider whether any of Plaintiff's impairments meet or equal a listing.

D. **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 21 at 18-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. The ALJ found the objective evidence did not support the level of limitation claimed, the totality of the record did not support

disabling conditions, Plaintiff has sought minimal treatment and has not always complied with treatment, Plaintiff's report of symptoms has been inconsistent, and that there were other inconsistencies in the records. Tr. 23-24.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the medical evidence. Having determined a remand is necessary to readdress the medical opinion evidence, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

E.  **Step Five.**

Plaintiff contends the ALJ erred by failing to conduct an adequate analysis at step five. ECF No. 21 at 20-21. "[I]f a claimant establishes an inability to continue [his] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (*citing Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). At step five, "the ALJ ... examines whether the claimant has the [RFC] ... to perform any other substantial gainful activity in the national economy." *Id*. "If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do." *Tackett*, 180 F.3d at 1099. "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a [VE], or (2) by reference to the Medical-Vocational Guidelines...." *Id*. "If the Commissioner meets this burden, the claimant is not disabled and

therefore not entitled to ... benefits." *Id*. (citation omitted). "If the Commissioner cannot meet this burden, then the claimant is disabled and therefore entitled to ... benefits." *Id*. (citation omitted).

As the case is being remanded for the ALJ to reconsider the medical evidence, the ALJ is also instructed to perform the sequential analysis anew, including step-five.

## VIII. CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Additionally, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. In this case, the Court finds that further proceedings are necessary to resolve conflicts in the record, including conflicting medical opinions. As such, the case is remanded for further proceedings consistent with this Order.

The ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. On remand, the ALJ shall reevaluate the evidence of record, including all medical opinion evidence, making findings on each of the five steps of the sequential evaluation process and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 18

     2.     Defendant's Motion for Summary Judgment, **ECF No. 23**, is **DENIED**.

     3.     The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

     4.     An application for attorney fees may be filed by separate motion.

     5.     The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE